# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**WILLIAM MAYFIELD**                                                     **PLAINTIFF**
**#659228**

**V.**                 No. 4:23-cv-01050-LPR-ERE

**KIM PARSONS,** *et al.*                                           **DEFENDANTS**

## ORDER

*Pro se* plaintiff William Mayfield has filed a motion requesting that the Court order: (1) Defendants to provide the Court with a "daily pill pass log to show the days I was tricked into taking Lisinopril" (*Doc. 73 at 2*); (2) Defendants to provide the Court "all complaints and grievances" (*Id. at 3*); (3) Baptist Urgent Health Care in Little Rock to provide his medical records from his physical exam for an unknown known date prior to 2023 (*Id. at 4*); and (4) Defendants to have him examined by an eye specialist (*Id.*). In his motion, Mr. Mayfield explains that the daily pill pass log and his complaints and grievances are contained on the thumb drive that Defendants previously provided to the ADC, but complains that he has only been allowed to view the thumb drive one time.

At this time, discovery in this matter is closed. *Doc. 68*. In addition, the thumb drive that Mr. Gilliam references was provided to him relates to another lawsuit that he has pending in this Court, *Mayfield v. Gilliam*, 4:23-cv-01214 ERE (E.D. Ark.).

Finally, Rule 35 of the Federal Rules of Civil Procedure does not allow the Court to compel a custodian to examine and conduct tests for prisoners. *Holloway v. Lott*, No. 4:08-CV-00821-GTE, 2009 WL 2778665, at *1 (E.D. Ark. Aug. 28, 2009). In addition, neither Rule 35 nor 28 U.S.C. § 1915 authorizes courts to pay for tests, consultation, or examination by private physicians.[1]

IT IS THEREFORE ORDERED THAT Mr. Mayfield's motion for discovery (*Doc. 73*) is DENIED.

SO ORDERED 14 February 25.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] See *Jones v. Liong*, 986 F.2d 503 (8th Cir. 1993) (unpublished table decision), citing *Johnson v. Hubbard*, 698 F.2d 286 (6th Cir. 1983) (right of access to courts does not include payment of witness fees). See also *McNeil v. Lowery*, 831 F.2d 1368, 1373 (7th Cir. 1987) ("A litigant's constitutional right of access to the courts does not include a waiver of witness fees so that an indigent plaintiff can present his case fully to the court."); *Brown v. United States of America*, No. 00–3298, 2003 WL 21949580, at *3 (7th Cir. Aug. 11, 2003) (Fed. R. Civ. P. 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself. Rather, under appropriate circumstances, it would allow the court to order a party to submit to a physical examination at the request of an opposing party"); *Whaley v. Erickson*, No. 05–C–898, 2006 WL 3 69263 3, at *2–3 (E.D. Wis. Dec. 11, 2006) ("nothing in Rule 35 appears to authorize a party to file a motion for his own physical examination, the obvious assumption being that an individual does not need a court order if he desires to have himself examined"); *Lindell v. Daley*, No. 02–C–459–C, 2003 WL 23111624, at *1–2 (W.D. Wis. June 30, 2003) (Rule 35 allows the court to "order plaintiff to submit to an examination at the request of the opposing party[.] The rule is not intended to cover a situation such as the one here, where plaintiff wishes an examination of himself.").