# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**WILLIAM T. MAYFIELD**                                                                  **PLAINTIFF**
**#659228**

**V.**                      **NO. 4:23-cv-01050-LPR-ERE**

**KIM PARSONS,** *et al.*                                                        **DEFENDANTS**

## ORDER

All Defendants have filed motions for summary judgment, statements of undisputed facts, and briefs in support arguing that they entitled to judgment as a matter of law on Mr. Mayfield's claims against them. *Docs. 75, 76, 77, 80, 81, 82.* In addition, Defendant Parsons has filed a motion to deem her requests for admission admitted. *Doc. 78*. *Pro se* plaintiff William T. Mayfield has a right to file a response.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. See FED. R. CIV. P. 56(e). This means that Mr. Mayfield's responses should include his legal arguments, as well as affidavits,[1] jail records, or other evidence to show that there is a genuine issue of material fact that must be resolved at a hearing or trial.

---

[1] The affidavit must be either: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746. Additionally, the affidavit must be based upon the personal knowledge of the person executing the affidavit. The Court may not consider an affidavit unless it meets these requirements.

In addition, pursuant to Local Rule 56.1,[2] Mr. Mayfield must separately file a "separate, short and concise statement of the material facts as to which [he] contends there is no genuine dispute to be tried." Mr. Mayfield's statements of disputed facts must state whether he "agrees" or "disagrees" with the factual statements in each of the numbered paragraphs in Defendants' statements of undisputed facts. *Docs. 77, 82*. If Mr. Mayfield disagrees with any of the facts in Defendants' statements of undisputed facts, he must: (1) identify each numbered paragraph that contains the facts he disputes; (2) for each paragraph, explain why he disputes those facts; and (3) include a citation to the evidence he is relying on to support his version of the disputed fact. If Mr. Mayfield relies on documents that have been previously filed in the record, he must specifically refer to those documents by docket number and page. The Court will not sift through the file to find support for Mr. Mayfield's factual contentions. See *Crossley v. Georgia-Pacific Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

---

[2] The Local Rules for the Eastern District of Arkansas are available on the internet. See https://www.are.uscourts.gov/court-info/local-rules-and-orders/local-rules.

IT IS THEREFORE ORDERED THAT:

1. Mr. Mayfield has until and including **April 4, 2025**, to file: (1) a response to Defendants' motions for summary judgment; (2) separate statements of disputed facts; and (3) a response to Defendant Parson's motion to deem her requests for admissions admitted (*Doc. 78*). As to any filing, Mr. Mayfield should attempt to comply with Federal Rule of Civil Procedure 56, Local Rule 56.1, and the instructions in this Order.

2. Mr. Mayfield is advised that the failure to timely and properly file responses and statements of disputed facts may result in: (1) all the facts in Defendants' statements of undisputed facts being deemed admitted, pursuant to Local Rule 56.1(c); (2) Defendant Parson's requests for admissions deemed admitted; and (3) the possible dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2).

So Ordered 6 March 2025.

_____
UNITED STATES MAGISTRATE JUDGE